Rule 23 order filed
December 16, 2005;
Motion to publish granted
January 31, 2006.

NO. 5-04-0724

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| AMANDA E. SUTHERLIN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | | Jackson County. |
| | ) | |
| v. | ) | No. 04-OP-119 |
| | ) | |
| HOWARD R. SUTHERLIN, | ) | Honorable |
| | ) | Thomas H. Jones, |
| Respondent-Appellee. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the opinion of the court:

The issue before this court is whether the circuit court erred in failing to address the issue of temporary child custody at a hearing for a plenary order of protection. Because we find that at the hearing the circuit court erred in failing to consider the issue of temporary child custody, we affirm in part and reverse in part and remand for further proceedings.

On September 28, 2004, Amanda Sutherlin filed a petition seeking an order of protection from her husband, Howard. In the petition, she alleged that she had been the victim of multiple instances of abuse by her husband, the most recent having occurred on September 26, 2004, when Howard allegedly hit her in the face while she was driving Howard to work and their four-month-old son was in the car. Following a hearing at which both parties were present, the circuit court entered an emergency order of protection.

On October 19, 2004, a hearing was conducted for a plenary order of protection. Apparently, Howard was in custody at the time of the hearing, resulting from Amanda's most recent allegation of abuse. However, Howard was able to attend the hearing.

At the hearing, the circuit court asked Howard if he would agree to extending the

1

order of protection. Howard responded, "What about visitation rights for my son?" The court then asked if there was a divorce case filed, and Amanda's counsel informed the court that no divorce case had been filed. The circuit court then responded: "We do custody, support[,] and visitation in domestic relations cases. Somebody needs to file one, it sounds like."

Amanda's counsel then pointed out to the court that the petition filed by Amanda seeking the order of protection also requested the temporary custody of the parties' son and that it was proper to address the issue of temporary custody at the hearing. The court responded that it would not address the issue of temporary custody in light of the appellate court's decision in *Radke v. Radke*, 349 Ill. App. 3d 264 (2004). Amanda's counsel argued that the *Radke* case is distinguishable, but the circuit court responded: "As I told you before, I disagree with [your interpretation of *Radke*]. *** If you want to panel the Fifth District Appellate Court to tell me what to do, you are more than welcome."

The circuit court then entered a plenary order of protection, finding that Howard had abused Amanda. The circuit court did not grant Amanda the temporary custody of the parties' minor son and did not address the issue of temporary custody. Amanda now appeals the circuit court's refusal to address the issue of temporary custody.

We begin by noting that Amanda's petition seeking an order of protection was filed under the Illinois Domestic Violence Act of 1986 (Domestic Violence Act) (750 ILCS 60/214 (West 2004)). The primary purpose of the Domestic Violence Act is to aid the victims of domestic violence and to prevent further abuse. See generally 750 ILCS 60/102 (West 2004). However, section 214(b)(6) of the Domestic Violence Act (750 ILCS 60/214(b)(6) (West 2004)) specifically provides that the circuit court may enter an award of temporary child custody to the petitioner as a remedy. Section 214(b)(6) states:

"(b) Remedies and standards. The remedies to be included in an order of

2

protection shall be determined in accordance with this Section and one of the following Sections, as appropriate: *** Section 219 on plenary orders. The remedies listed in this subsection shall be in addition to other civil or criminal remedies available to petitioner.

* * *

(6) Temporary legal custody. Award temporary legal custody to petitioner in accordance with this Section, the Illinois Marriage and Dissolution of Marriage Act, the Illinois Parentage Act of 1984, and this State's Uniform Child-Custody Jurisdiction and Enforcement Act." 750 ILCS 60/214(b)(6) (West 2004).

This remedy of awarding temporary child custody furthers one of the express purposes of the Domestic Violence Act, which is to "[s]upport the efforts of victims of domestic violence to avoid further abuse by promptly entering and diligently enforcing court orders which prohibit abuse and, when necessary, reduce the abuser's access to the victim and *address any related issues of child custody* and economic support, so that victims are not trapped in abusive situations by fear of retaliation, loss of a child, financial dependence, or loss of accessible housing or services." (Emphasis added.) 750 ILCS 60/102(4) (West 2004). Although the statute seems to expressly permit the circuit court to address the issue of temporary child custody at the plenary hearing, the circuit court refused to do so in light of the appellate court's decision in *Radke*. We now turn to *Radke*.

In *Radke*, following the dissolution of the parties' marriage, the petitioner was granted the residential custody of the parties' daughter, and the respondent was granted extensive visitation. Sometime after the dissolution, the parties' daughter felt that she was subject to too much visitation with the respondent, that she was not welcome in the respondent's home, and that she should see the respondent only when she wanted to see him. *Radke v. Radke*,

3

349 Ill. App. 3d 264, 265 (2004). The petitioner then filed a petition for an order of protection on behalf of the parties' daughter, based on an incident that occurred while the parties' daughter was with the respondent when the respondent would not allow the parties' daughter to use the telephone to call the petitioner. The petition sought an order of protection seeking to prohibit the respondent from "abusing, harassing[,] or intimidating" the parties' daughter. *Radke v. Radke*, 349 Ill. App. 3d 264, 265 (2004).

At a hearing on the petition, evidence was presented that the parties' daughter had informed the respondent that she did not enjoy spending time with the respondent. The respondent allegedly told her that she was insane and that he was going to take her to a hospital. The parties' daughter then became afraid and attempted to call the petitioner on the telephone. According to the parties' daughter, the respondent ripped the telephone off the wall and told her that she was grounded. In addition to these allegations, there was an allegation of a physical confrontation. *Radke v. Radke*, 349 Ill. App. 3d 264, 265 (2004).

After hearing the evidence, the circuit court did not find that there had been any physical abuse. However, the circuit court did find that because the respondent had denied the parties' daughter access to the telephone to contact the petitioner, this constituted harassment under the statute. As a result, the circuit court entered a plenary order of protection that required the respondent to refrain from physical abuse, harassment, intimidation, or interference with the personal liberty of the parties' daughter for two years. The circuit court refused to address the issue of visitation, noting that the purpose of an order of protection is to protect and not to effectuate changes in visitation. *Radke v. Radke*, 349 Ill. App. 3d 264, 267 (2004).

On review, the Third District Appellate Court in *Radke* reversed the decision of the circuit court. In so doing, the *Radke* court held that the respondent's refusal to allow the parties' daughter to use the telephone to contact the petitioner did not constitute harassment

4

under the statute. Accordingly, the *Radke* court held that the order should be vacated. *Radke v. Radke*, 349 Ill. App. 3d 264, 268 (2004).

However, after making this finding that effectively resolved the appeal, the *Radke* court went on to address an argument raised by the respondent that the order of protection should also be vacated because any action to restrict visitation should be taken under the existing dissolution action rather than through the process of obtaining an order of protection. *Radke v. Radke*, 349 Ill. App. 3d 264, 268 (2004). The *Radke* court agreed with the respondent and stated the following:

> "Obtaining an order of protection is not the proper procedure for resolving child custody or visitation issues. Those issues should be resolved under the Illinois Marriage and Dissolution of Marriage Act [citation]." *Radke v. Radke*, 349 Ill. App. 3d 264, 269 (2004).

The *Radke* court then noted that the petitioner admitted that the reason she had obtained the order of protection was to temporarily suspend visitation and that the parties' daughter had sought the order so that she could see the respondent only when she wanted to see him. *Radke v. Radke*, 349 Ill. App. 3d 264, 269 (2004). In light of this evidence, the *Radke* court found that the petitioner had misused the Domestic Violence Act for the purpose of attempting to alter the respondent's visitation and that the Domestic Violence Act is not the appropriate vehicle for resolving that issue. *Radke v. Radke*, 349 Ill. App. 3d 264, 269 (2004).

First, we believe that *Radke* is limited to its facts and distinguishable from the instant case. Unlike *Radke*, in the instant case there is no dispute that Amanda was seeking an order of protection based on abuse from Howard and not for the purpose of obtaining the temporary custody of their son. In fact, the circuit court found that Howard had abused Amanda, and that finding has not been challenged on appeal. *Radke* and the cases cited by

5

*Radke* stand for the principle that visitation or custody issues should not be addressed at an order-of-protection hearing where the primary objective of the party seeking an order of protection is really to interfere with or change a child custody or visitation order. *Radke v. Radke*, 349 Ill. App. 3d 264, 269 (2004); see also *Wilson v. Jackson*, 312 Ill. App. 3d 1156, 1164 (2000) (cited in *Radke*); *In re Marriage of Gordon*, 233 Ill. App. 3d 617, 626 (1992) (cited in *Radke*). Because there is no evidence that Amanda had any motive other than trying to protect herself from an abusive husband, there is no evidence of any ulterior motive.

In her petition, Amanda set forth several allegations of physical abuse that had occurred over the previous several months. The circuit court found that her petition was supported by the evidence. In fact, at the first hearing, which occurred very shortly after the alleged date of the most recent abuse, the circuit court made the comment, "[S]omebody is going to have to figure out what caused her face to look the way it looks." The evidence fully supports the conclusion that abuse occurred in the instant case. As mentioned above, the Domestic Violence Act specifically provides that one of the remedies that a petitioner may seek under the Domestic Violence Act is that of temporary child custody, so that "victims are not trapped in abusive situations by fear of retaliation[] [or] loss of a child." 750 ILCS 60/102(4) (West 2004). The Domestic Violence Act also provides, in section 210, which codifies "process," "Any action for an order of protection, whether commenced alone or in conjunction with another proceeding, is a distinct cause of action ***." 750 ILCS 60/210(a) (West 2004). Because the action in the instant case was not a covert attempt to interfere with child custody or visitation, because the finding of abuse was fully supported by the record, and because the Domestic Violence Act specifically provides that the circuit court may address the issue of temporary child custody, we believe the circuit court erred when it refused to consider the issue of temporary child custody in this case.

Accordingly, the order of the circuit court is affirmed in part and reversed in part, and

6

the cause is remanded to the circuit court to address the issue of temporary child custody.

Affirmed in part and reversed in part; cause remanded.

DONOVAN and McGLYNN, JJ., concur.

NO. 5-04-0724

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| AMANDA E. SUTHERLIN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | Jackson County. | |
| | ) | |
| v. | ) | No. 04-OP-119 |
| | ) | |
| HOWARD R. SUTHERLIN, | ) | Honorable |
| | ) | Thomas H. Jones, |
| Respondent-Appellee. | ) | Judge, presiding. |

**Rule 23 Order Filed:** December 16, 2005
**Motion to Publish Granted:** January 31, 2006
**Opinion Filed**: January 31, 2006

**Justices**: Honorable Thomas M. Welch, J.

Honorable James K. Donovan, J., and
Honorable Stephen P. McGlynn, J.,
Concur

**Attorney for Appellant** Gail Thomas, SIUC Legal Clinic, Room 104 Lesar Law Building, Southern Illinois University, Carbondale, IL 62901

**Attorney (*Pro se*) for Appellee** Howard R. Sutherlin, Reg. No.: B-84381, DuQuoin Impact Incarceration, 275 Agra Land Acres, P.O. Box 470, DuQuoin, IL 62832